IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAIAH BEST, *et al.*, | : | |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6957 |
| | : | |
| SCI-PHOENIX, *et al.*, | : | |
|     *Defendants*. | : | |

**MEMORANDUM**

**Pappert, J.**                                                                              **March 2, 2026**

Isaiah Best and Michael James Mark Sinclair, inmates at SCI Phoenix, initiated

this civil action by filing a *pro se* Complaint seeking declaratory relief and monetary

damages based on their conditions of confinement.  (Compl. (Dkt. No. 1) at 3-4.)  Best

seeks to proceed *in forma pauperis*.  (Dkt. Nos. 4, 5.)  For the following reasons, Sinclair

will be dismissed without prejudice as a named plaintiff, and all claims asserted on his

behalf will also be dismissed without prejudice.  The Court will grant Best leave to

proceed *in forma pauperis* and dismiss his complaint.

I[1]

The Complaint names the following Defendants:  (1) SCI Phoenix; (2)

Commonwealth of Pennsylvania; (3) United States; (4) Pennsylvania Department of

Corrections ("DOC"); and (5) Superintendent Joseph Terra.[2]  (Compl. at 2-3.)  According

---

[1] The factual allegations in this Memorandum are taken from the handwritten Complaint (Dkt. No. 1), and the Court adopts the sequential pagination assigned by the CM/ECF docketing system.  Where the Court quotes from *pro se* submissions, punctuation, spelling, and capitalization errors will be cleaned up.

[2]  Terra was sued in both his individual and official capacities.  (Compl. at 3.)  Suing an officer or employee in his official capacity is essentially a means of pleading claims against

to the Complaint, Best and Sinclair shared a cell at SCI Phoenix.  (*Id.* at 3.)  On

December 8, 2024, the "water and toilet" in their cell "stopped working and functioning"

and Sinclair notified a "block officer named Thomas" that their cell "needed emergency

repairs."[3]  (*Id.* at 3, 6.)  Thomas replied that he would "put in a work order with prison

staff."[3]  (*Id.* at 6.)  Best and Sinclair advised "the S-Block officers of the repairs needed

within the cell" as well as the "current living conditions" on December 10, 2024.  (*Id.* at

3.)  By December 11, 2024, the toilet "was full of feces and urine" and began to overflow.

(*Id.*)  The block officer was notified "but no alternative, or remedy was given" and

requests for a cell change were ignored.  (*Id.*)  Best and Sinclair were "forced to use the

toilet" that was overflowing with feces and urine, and they allege that their "body

parts" came into contact with human waste whenever they used the toilet.  (*Id.*)  Best

and Sinclair were also "forced to eat most meals in the cell, with the toilet full of human

waste" and had to endure the smell until the cell was repaired on December 15, 2024.

(*Id.*)  They also claim that they "did not have any drinking water" in the cell from

December 8, 2024, through December 15, 2024.  (*Id.* at 3, 6.)

Best and Sinclair allege violations of the First Amendment right "to petition the

government for a redress of grievances," the Eighth Amendment, Article 1 of the

---

the entity of which the officer or employee is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Since the official capacity claim against Defendant Terra is duplicative of the claims against Terra's employer, who is also named as a Defendant, the Court will dismiss the official capacity claim.  *See, e.g., Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District." (citations omitted)); *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) ("Because Cuvo is suing Palmer Township, the suit against the officers in their official capacities is redundant." (citation omitted)).

[3]  Thomas is not named as a defendant in the Complaint.

Pennsylvania Constitution,[4] the Universal Declaration of Human Rights,[5] and a state

law claim of negligence.  (*Id*. at 2, 4.)  They seek declaratory relief[6] and money

damages.  (*Id*. at 4.)

---

[4] Any § 1983 claims brought under the Pennsylvania Constitution must be dismissed. "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).  As there is no private right of action for damages under the Pennsylvania Constitution, these claims are not plausible.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

[5] Any claims brought under the Universal Declaration of Human Rights must also be dismissed.  As the United States Court of Appeals for the Third Circuit has recognized, "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action."  *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)) (explaining that the Universal Declaration of Human Rights is merely a resolution of the United Nations and "does not of its own force impose obligations as a matter of international law").  District courts throughout this Circuit have routinely dismissed claims brought under the Universal Declaration of Human Rights with prejudice for failure to state a claim or as legally frivolous.  *See, e.g.*, *Best v. S.C.I. Huntingdon*, No. 19-01599, 2019 WL 5866707, at *5 (M.D. Pa. Oct. 9, 2019), *report and recommendation adopted*, 2019 WL 5868259 (M.D. Pa. Nov. 8, 2019) (recommending dismissal of claims under the Universal Declaration of Human Rights for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) in a prisoner civil rights action); *Hamilton v. Dolce*, No. 18-2615, 2019 WL 4509375, at *3 (D.N.J. Sept. 19, 2019) (dismissing with prejudice *pro se* prisoner's claims for violations of the Universal Declaration of Human Rights); *Pavalone v. Pres. Mgmt. Inc.*, No. 18-191, 2019 WL 1117931, at *3 (M.D. Pa. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 1117919 (M.D. Pa. Mar. 11, 2019) (recommending dismissal of non-prisoners' claims for the "alleged violation[s] of their rights under the Universal Declaration of Human Rights . . . as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

[6] Declaratory relief is unavailable to litigants who seek a proclamation that their rights were violated in the past.  *See, e.g.*, *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another.").

3

II

The Court will grant Best leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Best is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F. 3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.* , No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act

---

[7]  However, because Best is incarcerated, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

as an advocate to identify any possible claim that the facts alleged could potentially support."). Further, the Court must dismiss any claims that seek monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii).

III

A

Sinclair did not pay the fees necessary to commence a civil action in this court or file an application to proceed *in forma pauperis*. Consequently, by Order dated December 16, 2025, the Court granted Sinclair a thirty-day opportunity to cure this deficiency and the Clerk of Court sent him a blank copy of the Court's form application to proceed *in forma pauperis*. (Dkt. No. 3.) Sinclair was told that if he failed to either (1) pay $405 (comprising the $350 filing fee and $55 administrative fee) to the Clerk of Court, or (2) file a motion to proceed *in forma pauperis* with a certified copy of his six-month prisoner account statement within the thirty-day period, his claims would be dismissed without further notice for failure to prosecute. (*Id.*) Sinclair has not paid the fees necessary to commence a civil action or filed an application to proceed *in forma pauperis*.

B

1

The vehicle by which federal constitutional claims may be brought in federal court is an action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The personal

involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). A plaintiff may not plead in the collective by using the word "Defendants" without specifying which defendant engaged in the specific conduct alleged by the plaintiff. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). In other words, a complaint must allege facts about what each defendant did, including sufficient information about when, where, and under what circumstances the relevant events took place, to both put the defendants on notice of what they are accused of doing and to support the necessary elements of a claim. Best's claims are not plausible because he has sued immune or otherwise unsuitable defendants, and he has failed to allege personal involvement in any of the alleged constitutional violations.

a

A state and its agencies are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Further, the Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22. Eleventh Amendment immunity also precludes negligence claims like that asserted by Best. *See Brooks v. Beard*, 167 F. App'x 923, 926 (3d Cir. 2006) (*per curiam*) (noting, with regard to inmate's negligence claims, that "the state has

expressly retained its Eleventh Amendment immunity for purposes of federal lawsuits").

Pennsylvania's Department of Corrections and its individual correctional facilities like SCI Phoenix are also entitled to Eleventh Amendment immunity and are not "persons" for purposes of § 1983. *See Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Endrikat v. Little*, No. 23-2167, 2023 WL 8519196, at *3 (3d Cir. Dec. 8, 2023) (*per curiam*) (concluding that plaintiff "failed to state a claim with respect to [the Pennsylvania DOC, SCI] Waymart, and the Pennsylvania Board of Probation and Parole, as they are not subject to suit under § 1983") (citations omitted). Accordingly, Best's claims for money damages against the Commonwealth of Pennsylvania and its agencies will be dismissed without prejudice.

b

To the extent Best asserts constitutional claims against the United States for money damages, his claims fail. "[T]he United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). Congress, however, may choose to waive that immunity. *Id.* "Absent a waiver,

7

sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The United States has not waived sovereign immunity for civil rights actions.  *See Ellerbe v. U.S. Dist. Ct. for E. Dist. of Pa.*, No. 22-4250, 2022 WL 17177481, at *3 n.3 (citing *Alasevich v. U.S. Air Force Reserve*, No. 95-2572, 1997 WL 152816, at *1 (E.D. Pa. Mar. 26, 1997) ("There is notably no sovereign immunity waiver for claims of constitutional violations or claims brought under § 1983.")).  Best's claims against the United States will be dismissed without prejudice.

c

Best has not stated a plausible basis for a claim against Terra.  His only allegation is that Terra, as "the chief officer of SCI Phoenix," has "the duty of prisoner welfare, care, custody and control."  (Compl. at 3.)  These are the type of generalized allegations that fall far short of stating a basis for liability against a supervisor.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.'  However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005))).

In a § 1983 action, claims "against high-level government officials must satisfy the general requirements for supervisory liability."  *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017).  A supervisor may "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's

8

unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

A supervisor may also be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes*, 766 F.3d at 316 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). This type of liability includes a failure to supervise or train, but a plaintiff asserting such a claim must identify the supervisory or training policy the supervisor failed to employ and "then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory [or training] practice or procedure." *Id.* at 317; *see also Chavarriaga*, 806 F.3d at 227. Because Best fails to state a claim for supervisory liability against Terra, his claims against him will be dismissed without prejudice.

2

Best has not pled an independent basis for the Court's jurisdiction over any purported state law negligence claims.[8]  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).  Best does not plead the citizenship of any party to this suit.  (*See* Compl. at 2-3.)  Since the Complaint fails to

---

[8] Because the Court has dismissed Best's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

allege a basis for diversity jurisdiction, any state law negligence claims will be dismissed without prejudice.

IV

For the foregoing reasons, the Court will grant Best leave to proceed *in forma pauperis* and dismiss his Complaint.  Michael James Mark Sinclair will be dismissed without prejudice as a named Plaintiff, and all claims asserted on his behalf will also be dismissed without prejudice.  Best's claims seeking monetary damages against the Commonwealth of Pennsylvania, the Department of Corrections, SCI Phoenix, and the United States will be dismissed without leave to amend because amendment of those claims would be futile.  Best's remaining claims will be dismissed without prejudice to him filing an amended complaint in the event he can allege a plausible claim against a proper defendant.  Any amended complaint must clearly describe the factual basis for his claims and how each defendant he names was personally involved in the alleged denial of his rights.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Gerald J. Pappert**
**Gerald J. Pappert, J.**